UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TRAVIS LANIER WILLIAMS,

    Plaintiff,

vs.

WRIGHT-PATT CREDIT UNION,

    Defendant.

Case No. 3:19-cv-233

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

___

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT PREJUDICE; AND (2) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

___

This civil case is before the Court for a *sua sponte* review -- pursuant to 28 U.S.C. § 1915(e)(2) -- of the complaint filed by *pro se* Plaintiff Travis Lanier Williams. Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") (doc. 1), which the Court granted (doc. 2). The Court, however, held service of the complaint pending a review under § 1915(e)(2). *Id.* It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

**I.**

In accordance with 28 U.S.C. §1915(e)(2), this Court must perform an initial review of the instant action. *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, the Court must dismiss any case it determines is "frivolous or malicious," fails to state a claim

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A plaintiff sets forth no arguable factual basis where the allegations asserted are "fantastic or delusional"; and presents no arguable legal basis when advancing "indisputably meritless" legal theories, *i.e.*, when the defendant is immune from suit, or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

In conducting this initial review under § 1915, the Court accepts *pro se* Plaintiff's allegations as true and construes them liberally in his favor. *See Donald v. Marshall*, No. 84-3231, 1985 WL 13183, at *1 (6th Cir. Apr. 5, 1985) (stating that, "[w]hen considering a *pro se* action for dismissal pursuant to 28 U.S.C. § 1915(d), the complaint should be liberally construed and the allegations of the complaint must be taken as true and construed in favor of the plaintiff"). However, while *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**II.**

From what the undersigned can understand and liberally construe from Plaintiff's allegations, Plaintiff opened -- or perhaps attempted to open -- a trust account with Wright-Patt Credit Union on March 25, 2019. Doc. 1-4 at PageID 12. Thereafter, Plaintiff was to meet with

members of the Credit Union's legal staff, but there was some difficulty in that regard. *Id*. Although not clear, Plaintiff may have, thereafter, sought to withdraw funds from the Credit Union and his request was refused. *Id*. Plaintiff now seeks an Order from the Court directing Wright-Patt Credit Union to honor his request or pay him $200,000,000.00. *Id*. at PageID 8.

"The bedrock principle of the federal judicial system is that federal courts are courts of limited jurisdiction." *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 344 (6th Cir. 2008). Because federal courts are courts of limited jurisdiction, courts must presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010) (citation omitted). Thus, "[a] plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction." *Vaughn v. Holiday Inn Cleveland Coliseum*, 56 F. App'x 249, 250 (6th Cir. 2003).

"Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties." *EBI-Detroit, Inc.*, 279 F. App'x at 344 (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"); 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- citizens of different States").

Here, Plaintiff sets forth no allegations to show that this Court possesses diversity jurisdiction over this action under 28 U.S.C. 1332(a)(1) and, in fact, both Plaintiff and Wright-Patt Credit Union are alleged to be Ohio citizens. Doc. 1-2 at PageID 5-6. Instead, while Plaintiff's

3

cause of action likely arises under Ohio law, he apparently seeks to invoke the Court's federal question jurisdiction by citing 12 U.S.C. §§ 1789, 1789a and 31 U.S.C. § 3327.  However, none of those statutory provisions appear to apply to this matter.  Absent coherent factual allegations as to how these federal statutory provisions apply to give this Court jurisdiction over what appear to be state law claims, the undersigned cannot conclude that the Court possesses jurisdiction to proceed in this matter.  *See* doc. 1-2 at PageID 7.

### III.

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that: (1) Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**; and (2) this case be **TERMINATED** on the Court's docket.  The Clerk is **ORDERED** to mail a copy of this Report and Recommendation to the named Defendant.


Date:   August 26, 2019                             s/ Michael J. Newman
                                                              Michael J. Newman
                                                              United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).